**Antoine CARRENARD, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. CV 92–4781.**

United States District Court, E.D. New York.

June 2, 1993.

Simon & Newman (Barry Simon, of counsel), Forest Hills, NY, for plaintiff.

Zachary W. Carter, U.S. Atty. (Leslie Brodsky, Asst. U.S. Atty., of counsel), for defendant.

### MEMORANDUM AND ORDER

NICKERSON, District Judge:

Plaintiff brought this action against the Secretary of the Department of Health and Human Services of the United States pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a decision of the Secretary that plaintiff was not disabled.

In 1989 the plaintiff filed applications for disability insurance benefits and for Supplemental Security Income. The applications were denied, and an Administrative Law Judge found in August 1990 that plaintiff was not disabled.

The Appeals Council, remanded, noting that the treating physician, Dr. Alix Dufresne, had submitted a residual functional capacity evaluation indicating that plaintiff was limited to sedentary work with a total restriction of exposure to environmental pollutants or hazardous equipment. Since the record showed a history of chronic pulmonary disease with reduced pulmonary function values, and "the decision did not offer any evidence to controvert Dr. Dufresne's residual functional capacity opinion in accordance with *Schisler v. Heckler,* 851 F.2d 43, 47 (2d Cir.1988)," the Appeals Council remanded for a further hearing.

A new hearing was held in June 1991 before a different Administrative Law Judge, who found that plaintiff was not under a disability. The Appeals Council denied review.

The Administrative Law Judge made the following findings.

Plaintiff met the special earnings requirement on May 31, 1986, the date that he says he became disabled, and continued to meet them through December 31, 1990. He has not worked since May 31, 1985. The medical evidence establishes that he has chronic pulmonary disease, hypertension, and possible cardiac disease by history, all medically "severe" impairments, but that he does not have a listed impairment or combination of impairments. His allegation of disabling chest pain and shortness or breath is not supported by medical evidence and is thus not credible. He has the residual functional capacity to perform work-related functions except for work involving heavy lifting, climbing, heights, moving machinery, and extremes of noise and humidity. He can perform his past relevant work as building superintendent, "as performed in significant numbers in the national and local economy", and he is thus not disabled.

In the body of his decision the Administrative Law Judge said, "Due to the 'heavy' exertional nature of claimant's precise past job, he [plaintiff] could not be able to return to it, even if his exertional capacity for 'medium' work was unencumbered by non-exertional restrictions"; but the concept of " 'past relevant work' encompasses not only past work as actually, specifically performed, but as customarily performed in significant numbers in the local and national economy, *see* 20 C.F.R. 404.1520(e), 1565; 416.920(e), 965."

The Administrative Law Judge went on to misquote the testimony of the Secretary's vocational expert as saying that in the category of "building superintendent (non-supervisory)" jobs exist in significant numbers in the local and national economy at all exertional levels from "light" upwards. In fact, the vocational expert was testifying concerning "maintenance supervisor" in any industry. That definition had nothing to do with a building superintendent performing the kind of chores that plaintiff did. The definition refers almost exclusively to people who supervise other workers.

Plaintiff testified without refutation that he worked for a realty firm as a superintendent in a six-story building having 54 apartments. He was the sole employee taking care of the building. He did heavy lifting, such as moving radiators and carrying sacks of sand, concrete, and ladders, and also did plumbing, painting, plastering, repairing the boiler, doing electrical repairs, doing concrete work, and moving and walking around most of the day.

As the Administrative Law Judge stated, this was "heavy" work, and plaintiff would not be able to return to it.

The pertinent sections of the regulation relating to past work is contained in 26 C.F.R. §§ 404.1520(e) and 416.920(e). Those sections read as follows: "Your impairment(s) must prevent you from doing past relevant work. If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled."

■ This regulation means that if a claimant can do work which has physical and mental demands comparable to the work he has done in the past, he will be found not disabled. The regulation plainly does not

mean what the Administrative Law Judge construed it to mean, namely, that if there are jobs in the national economy that require only some of the physical demands of past work, a plaintiff is not disabled. If that were the test very few people, no matter what their impairments, would be disabled.

 Plaintiff was doing the work that would be expected of a superintendent of a multi-story building with about 50 apartments. The chores he had to perform, and which small building "superintendents" customarily perform, required "heavy" work, as the Administrative Law Judge found. The Administrative Law Judge should therefore not have decided plaintiff could do his past work but should have determined whether plaintiff, in the light of his residual functional capacity, was able to do "light work", as that term is defined in 20 C.F.R. § 404.1567(b).

Under the regulations, 20 C.F.R., pt. 404, subpt. P, App. 2, Rule 202.06, a person of advanced age with an education as a high school graduate or more which does not provide for direct entry into skilled work, whose maximum sustained work capability is limited to light work as a result of a severe impairment, and whose previous work experience has been skilled or semi-skilled, with the skills not transferrable, is deemed disabled.

Plaintiff was born on December 2, 1933. He thus became of advanced age, 55, on December 2, 1988. He had twelve years of schooling in Haiti, an education which did not provide for direct entry into skilled work. His previous work was skilled or semi-skilled. His skills were not transferrable, as the Secretary's vocational expert testified.

The "grid" thus required a determination that plaintiff, as of December 2, 1988, was unable to do light work.

Furthermore the comparable "grid" for work capability limited to sedentary work provides in rule 201.06 and in the same terms for a finding of disability. Thus, under the regulations plaintiff is disabled even if his work capability is limited to sedentary work.

The determination of the Secretary is reversed, and the case is remanded for calculation of benefits.

So ordered.